UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 14-30029-MGM |
| | ) | |
| v. | ) | |
| | ) | |
| JUSTIN WONG | ) | |

SENTENCING MEMORANDUM

The United States of America, by and through its attorneys, United States Attorney Andrew Lelling and Assistant United States Attorney Alex J. Grant, submits this memorandum in aid of sentencing the defendant, Justin Wong.

The defendant has raised certain objections to the Presentence Report's calculation of the applicable guidelines range. None have merit.

1.  ¶72, USSG 2G.2.1(b)(2)(A). The defendant claims that the enhancement for a sexual act or sexual contact does not apply to him. As the probation department points out in rejecting the defendant's argument, the conduct described in ¶¶ 29-41 with respect to Minor Ten fits the definition of sexual contact. The definition found in 18 U.S.C. § 2246 states that the "intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person" constitutes a sexual act. Here, there was a touching of the buttocks, done at the behest of the defendant, in order to arouse or gratify the sexual desire of the defendant and to humiliate, harass, and degrade Minor Ten. Acts of self-masturbation fall within the definition of sexual contact. *United States v. Shafer*, 573 F.3d 267, 273-74 (6th Cir. 2009); *United States v. Aldrich*, 566 F.3d 976, 979 (11th Cir. 2009); *United*

1

*States v. Pawlowski*, 682 F.3d 205, 212-13 (3rd Cir. 2012); *United States v. Weisinger*, 586 Fed.Appx 733, 739 (2d Cir. 2014).  Given the context of the defendant's communications with Minor Ten in which he alternated between effusive expressions of delight ("I like that very much") when Minor Ten did what he demanded, and angry, denigrating statements when she expressed hesitation ("Do it now b**tch") when Minor Ten did not, it is clear that his conduct meets the intent requirement of USSG 2G2.1(b)(2)(A).

    2.    ¶ 73, USSG 2G2.1(b)(6)(B)(i).  The defendant objects to this enhancement for the use of a computer.  There is clearly no basis for this objection as the entirety of the interaction between the defendant and Minor Ten was through a computer, as that is defined in Application Note 1 to USSG 2G2.1 and 18 U.S.C. § 1030(e)(1) (broadly defining electronic devices so as to include traditional desktop and laptop computers as well as smartphones).  To the extent that the defendant objects on policy grounds to the use of the inclusion of the enhancement in the guidelines themselves, that argument is properly addressed to a request for a non-guidelines sentence, not a dispute about the correctness of the guidelines calculation performed by the probation department.

    3.    ¶ 90, USSG 4B1.5(b)(1).  The defendant objects to this enhancement for a pattern of activity involving prohibited sexual conduct.  Again, this objection appears to be directed to the wisdom of the existence of this enhancement than its applicability to this case.  As the probation department notes, the instant offenses against Minors Ten and Eight are covered sex crimes because they involve the production of child pornography.  Because there were several occasions of this conduct over several days involving two victims, the threshold of two has been met, and the pattern enhancement applies.

4. ¶ 93. The defendant objects to the total offense level based on the prior objections. Because the prior objections are without merit, the total offense level should be 43, as correctly calculated by the probation department.

5. ¶ 131. The defendant objects to the calculation of the guidelines range based on his prior objections. Because the prior objections are without merit, the guidelines range should be 3,600 months, as calculated by the probation department. This range is correct because the guidelines table calls for a sentence of life for a total offense level of 43 and a criminal history of I. Because none of the offenses of conviction allow for a life sentence, the guidelines call for the statutory maximum sentences to be stacked. USSG 5G1.2(b), (d); Application Note 1. As a result, the defendant's guidelines range is 300 years or 3,600 months (10 counts x 30 years).

The defendant is, of course, entitled to question the wisdom of the guidelines, and the Court is not bound by the guidelines, but the calculation was correctly done in this case. As a result, the Court should overrule the objections and adopt the probation department's guidelines calculation. This calculation should factor into arriving at the Court's sentence, along with the other factors in 18 U.S.C. § 3553(a).

       Respectfully submitted,

       ANDREW LELLING
       UNITED STATES ATTORNEY


    By: /s/ Alex J. Grant
       Alex J. Grant
       Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


       /s/ Alex J. Grant
       ALEX J. GRANT
       Assistant United States Attorney